# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID TRAYLOR,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:10-CV-00289-RLH-(RJJ)

**ORDER**

Before the court is plaintiff's complaint. The court has reviewed it, and the court finds that it requires amendment.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1        This action involves the seizure and destruction of photographs.  At all times,
2   plaintiff was an inmate at the Southern Desert Correctional Center.  He alleges that defendants Kim,
3   Galvan, Graves, and John Doe, all correctional officers, searched his cell and seized all of his
4   property because the property was affiliated with plaintiff's membership in a gang.  At a disciplinary
5   hearing, plaintiff admitted the charges except with respect to an album that contained family
6   photographs.  Plaintiff alleges that he tried to regain those photographs, but that prison officials in
7   various offices stated that they did not know where the photographs were.  Plaintiff attached to his
8   complaint responses to his grievances.  The responses indicate that while prison officials had
9   approved an album of family photographs, plaintiff had then interspersed contraband photographs
10  showing gang affiliations; the entire album was treated as contraband and was destroyed.

11       In count I, plaintiff alleges that defendants Kim, Galvan, Graves, and John Doe
12  seized and destroyed his photographs for being gang-related, even though officers in the mail room
13  and the property room had inspected and approved those photographs earlier.  The responses to the
14  grievances that plaintiff attached to his complaint disprove this count, because the responses shows
15  that plaintiff had placed gang-related photographs into the album after the album had been
16  approved. According to Administrative Regulation 711 of the Nevada Department of Corrections,
17  such an alteration transforms previously approved property into contraband.  Unless plaintiff can
18  allege that the responses to the grievances are incorrect, this count fails to state a claim upon which
19  relief can be granted.

20       In count II, plaintiff alleges that he never had the chance to donate, destroy, or mail
21  home his unauthorized photographs, even though the prison regulations give him that choice.
22  Prison officials' failure to follow prison rules does not violate the constitution, unless the failure
23  amounts to "atypical and significant hardship on the inmate in relation to the ordinary incidents of
24  prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  Plaintiff has not alleged any facts which
25  could show such atypical and significant hardship.

26       Also in count II, plaintiff alleges that his grievances were timely filed, per
27  instructions by the property room.  Plaintiff does not allege what problem he faced despite the
28

timely filing of his grievances. Regardless, plaintiff has no right to an effective grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order).

Finally in count II, assuming that plaintiff can state a claim regarding the lack of a choice of disposition of his unauthorized photographs, plaintiff has not mentioned any defendant in the body of this count. Plaintiff needs to allege which defendant was responsible for the deprivation of his property.

In count III, plaintiff alleges that "SDCC Investigators" were bound by the statements of Sergeants Plumlee and Shubbert to review all the photographs to determine whether each photograph was contraband. Plaintiff does not allege which named defendant was responsible for the failure to abide by those statements.

Plaintiff also alleges in count III, that it was impossible that nobody knew where his photographs were from the time of the disciplinary hearing to the grievance response that stated that the photographs were destroyed on December 4, 2007. Again, plaintiff does not allege which defendant was responsible for knowing the location of his photographs.

Plaintiff does not state any claim in count IV. He just notes that the destroyed photographs were irreplaceable and had sentimental value. He has not alleged any action by defendants that violated federal or state law.

Plaintiff alleges that defendant Cox, deputy director of the Nevada Department of Corrections, had a duty to ensure that all department staff complied with department policy. Plaintiff also alleges that defendant Williams, warden of the Southern Desert Correctional Center, had a duty to refer the matter to the inspector general. These defendants cannot be held liable simply because they supervise prison staff. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 & n.58 (1978). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff must allege how these defendants were personally involved with the seizure and destruction of the photographs.

1    In count V, plaintiff also mentions Howard Skolnik, director of the Nevada
2 Department of Corrections, but plaintiff has not named Skolnik as a defendant.
3    IT IS THEREFORE ORDERED that the complaint is **DISMISSED** for failure to
4 state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff
5 a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that
6 this order is entered to submit his amended complaint, if he believes that he can correct the noted
7 deficiencies. Failure to comply with this order will result in the dismissal of this action.
8    IT IS FURTHER ORDERED that Plaintiff shall clearly title the amended complaint
9 as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to
10 42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, 2:10-CV-
11 00289-RLH-(RJJ), above the word "AMENDED."
12    DATED:   July 8, 2010.

_____
ROGER L. HUNT
Chief United States District Judge