UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID TRAYLOR,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:10-CV-00289-RLH-(RJJ)

**ORDER**

    Petitioner has submitted an amended complaint (#13). The court has reviewed it and, with one qualification, will ask the Attorney General of the State of Nevada whether she can accept service of process for those defendants who have not yet appeared.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

In all of plaintiff's counts, he claims that the events that led to the destruction of his previously approved photographs violated the state and federal constitutions. To that extent, plaintiff has stated a claim. Plaintiff also claims that the defendants have committed oppression in violation of Nev. Rev. Stat. § 197.200. That statute is a provision of criminal law, and it does not create a civil cause of action. Jordan v. State ex rel. Dept. of Motor Vehicles and Public Safety, 110 P.3d 30, 48 (Nev. 2005), abrogated on other grounds, Buzz Stew, LLC v. City of North Las Vegas, 181 P.3d 670, 672 & n.6 (Nev. 2008). Defendants need not respond to the claim that they violated § 197.200.

Plaintiff has sued defendants Cox, Williams, and Skolnik in their individual and official capacities. An official-capacity claim is another way of suing the agency that employs the person; in this case, that would be the Nevada Department of Corrections, an arm of the State of Nevada. Kentucky v. Graham, 473 U.S. 159, 165 (1984). Normally, the Nevada Department of Corrections and the State of Nevada are not proper defendants in a civil rights action pursuant to 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Doe v. Lawrence Livermore Nat. Laboratory, 131 F.3d 836 (9th Cir. 1997). However, plaintiff is seeking injunctive relief, which is a permissible official-capacity claim. See Ex Parte Young, 209 U.S. 123 (1908).

The amended complaint (#13) has added new defendants, Orr, Shubert, and Skolnik, who have not been served with process. The court will ask the Attorney General of the State of Nevada whether she will accept service of process on behalf of those defendants.

IT IS THEREFORE ORDERED that plaintiff's claims pursuant to Nev. Rev. Stat. § 197.200 are **DISMISSED** from this action.

IT IS FURTHER ORDERED that the Attorney General shall advise the court within twenty (20) days from the date that this order is entered whether service of process for defendants Orr, Shubert, and Skolnik is accepted. Within thirty (30) days of the date of the notice of acceptance of service or the notice of non-acceptance of service, the Attorney General shall file and serve an answer or other response to the amended complaint (#13) on behalf of the defendants who

have been served. If service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s).

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED:   September 2, 2010.

_____
ROGER L. HUNT
Chief United States District Judge