1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7 * * *

8 DAVID TRAYLOR,                          )
                                         )
9                  Plaintiff(s),         )          Case No. 2:10-cv-0289-RLH-RJJ
                                         )
10       vs.                              )          **O R D E R**
                                         )          (Motion to Dismiss–#16)
11 JAMES G. COX, *et al.*,                )
                                         )
12               Defendant(s).           )
   _____)

13

14       Before the Court is Defendants' **Motion to Dismiss** (#16, filed October 21, 2010).

15 Plaintiff's untimely Opposition (#18 ) was filed on November 19, 2010.  As the Motion has merit,

16 and the Opposition does not address the points made in the Motion to Dismiss, the Court will not

17 await a reply by Defendants.

18       This Title 42 U.S.C. §1983 claim arises out of the confiscation of some photographs

19 and the destruction of the photographs.  Plaintiff pursued his administrative remedies and apparently

20 does not allege a violation of procedural due process.  Rather, he claims the property was destroyed

21 without due process.

22       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain

23 "a short and plan statement of the claim showing that the pleader is entitled to relief. "Where a

24 defendant moves to dismiss under Rule 8 as well as Rule 12(b)(6), such a motion should be granted

25 if plaintiff fails to proffer enough facts to state a claim to relief that is plausible on its face." *Bell*

26 *Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [citation omitted].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550, U.S. at 556, 570).

The United States Supreme Court has held that an unauthorized intentional deprivation of property by a prison guard dies not constitute a violation of the due process clause because meaningful postdeprivation remedies for the loss are available under state law.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Nevada law provides for civil actions for the wrongful deprivation of property by state officials.  *See* NRS 41.031; NRS 41.0322.  Accordingly, Plaintiff has failed to state a cause of action under §1983, as his Complaint relates to deprivation of property.

Plaintiff must bring his action in the State Court.  He attempted to do so here, but made the mistake of bringing it under federal law (42 U.S.C. §1983), even using a federal form to do so, when he should have brought it under state law.  This mistake is what prompted the Defendants to remove the matter to the federal court.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#16) is GRANTED and the case is dismissed.

Dated: November 30, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**

2